**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BELLEVIEW VALLEY LAND
CO., INC.,

      Plaintiff-Appellant,

v.

WALTERSCHEID TRUCKING
AND FARMS, INC., a New Mexico
corporation; HENRY
WALTERSCHEID, individually,

      Defendants-Appellees.

No. 97-2307
(D.C. No. CIV 96-1304)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN**,[**] Senior District
Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Belleview Valley Land Co. appeals from the district court's grant of summary judgment to defendants on Belleview's claim of tortious interference with contract.

> "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

In 1994, Belleview entered into a contract for the purchase of farm property under lease to defendants. Upon Belleview's tender of the purchase price, the sellers refused to accept the payment and refused to close the sale. Belleview ultimately sued in state court for specific performance and, in 1995, the sellers conveyed title of the property to Belleview. This suit, based on diversity jurisdiction, followed. The parties stipulated that New Mexico law controls their dispute. Our jurisdiction over this appeals arises from 28 U.S.C. § 1291.

-2-

Before the district court, Belleview contended that defendants tortiously interfered with the contract for the sale of the property. It argued that defendants offered to buy the property should the contract fall through as an inducement to break the contract, and that defendants threatened to sue the sellers should they honor the contract. Further, it contended that defendants had no justification to interfere because, beyond the term of the then-current lease to which the sale was already subject, they had no legal rights in connection with the property.

Applying New Mexico law, the district court concluded that Belleview had failed to present evidence demonstrating genuine issues of material fact as to the existence of either improper means or improper motive. Specifically, it ruled that Belleview's evidence did not support its claims that defendants had threatened to sue the sellers and that Belleview's arguments on improper motive fell short of precluding summary judgment because it had not shown that defendants played an active role in causing the breach of contract, and because there was no evidence that defendants acted solely to harm Belleview.

On appeal, Belleview contends that the district court misapplied New Mexico law. It argues, for the first time on appeal, that New Mexico law recognizes a claim for tortious interference with contract based upon *either* improper means or improper motive *or* conduct interfering with a contract performed without justification or privilege. Indeed, the district court quoted

from Quintana v. First Interstate Bank, 737 P.2d 896, 898 (N.M. Ct. App. 1987) in stating New Mexico law on tortious interference with contract: "[A] plaintiff must demonstrate that the defendant 'interfered [with contractual relations] with an improper motive or by improper means, or acted without justification or privilege.'" District Court Order at 4. However, Belleview did not present this theory of recovery, namely that "[l]iability exists in the absence of an improper motive or means if the interference by the defendant occurs in the absence of justification or privilege," Appellant's Br. at 9, before the district court. It argued generally that defendants were not justified in allegedly acting to interfere with the contract, but not that a lack of justification alone was sufficient basis for bringing suit for tortious interference with contract. Therefore, we do not consider the argument on appeal. See Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc., 100 F.3d 792, 798-99 (10th Cir.) (appellate court will not consider a new theory "that falls under the same general category as an argument presented [below] or . . . a theory that was discussed in a vague and ambiguous way" before the district court) (quotation omitted), opinion amended on other grounds, 103 F.3d 80 (10th Cir. 1996). We note, however that Belleview's proposition contradicts other New Mexico authority on the issue. See M & M Rental Tools, Inc. v. Milchem, Inc., 612 P.2d 241, 246, 247 (N.M. Ct. App. 1980) (showing of improper means or improper motive "required for liability;" question

-4-

of privilege arises only "if the acts charged would be tortious on the part of an unprivileged defendant") (quotation omitted).

Belleview also challenges the district court's rulings that its evidence does not establish genuine issues of material fact regarding the existence of improper motive and improper means. As to improper motive, Belleview contends the facts imply that defendants sought to defeat the contract between Belleview and the sellers. This argument is not persuasive. Improper motive, as the district court noted, requires some showing that defendants' aim was solely to harm Belleview. See M & M Rental Tools, 612 P.2d at 246. Belleview made no such showing and, indeed, does not argue so on appeal.

As to improper means, Belleview maintains that testimony from the underlying state action demonstrates that the defendants threatened to sue the sellers if they honored the contract with Belleview. However, the only testimony to which Belleview cites is hearsay and therefore cannot be relied on to defeat summary judgment. See Aramburu v. Boeing Co., 112 F.3d 1398, 1401 n.1 (10th Cir. 1997) (citing Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995)).

Finally, Belleview contends generally that numerous questions of fact preclude summary judgment, especially questions regarding defendants' intent and good faith. It argues that intent is a question of fact precluding summary

judgment.  As discussed above, Belleview failed to demonstrate genuine issues of material fact regarding either improper motive or improper means as those terms are defined under New Mexico law.  That intent is a question of fact and does not relieve Belleview of its burden to meet the applicable legal standards.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-6-